GRAY *v.* BUTRUM.

4-9313                                    234 S. W. 2d 774

Opinion delivered December 18, 1950.

*J. B. Brazil* and *Hays, Williams & Gardner,* for appellant.

*Charles L. Farish* and *Clark & Clark,* for appellee.

LEFLAR, J. This in effect is a bill in equity brought by plaintiff Butrum to have a deed declared to be a mortgage only, and to have the deed cancelled upon payment of the mortgage debt. The Chancellor found for

Butrum, and decreed the relief prayed. Defendant Gray, grantee under the deed, appeals.

Butrum and one Lipscomb were brothers-in-law, and lived together on the land in question (20 acres with poor improvements) from about 1941 until Lipscomb died early in 1949. Previously the land had been conveyed and reconveyed several times, but by a deed executed in 1935 the title had been put in Lipscomb for life, with remainder in fee in Butrum. At the same time there was a mortgage on the land to secure a debt owed by Lipscomb to one Rose. Later, defendant Gray paid the amount of the debt to Rose and took an assignment of the debt and mortgage. Then on Nov. 12, 1938, Lipscomb and Gray executed a written contract whereby Lipscomb agreed that the land should be conveyed by absolute deed to Gray, but that Lipscomb should remain in possession and receive reconveyance on payment to Gray of the amount of the debt and interest, then $131. No deed was executed under this contract until Dec. 29, 1941, at which time the deed now in question, absolute in form, was signed by both Lipscomb and Butrum and delivered to Gray. Admittedly the outstanding debt was Lipscomb's, not Butrum's, and Butrum testifies that he thought the instrument he signed was a mortgage merely.

Gray testifies that he paid Lipscomb $200 in cash, in addition to cancellation of the debt, in return for the 1941 deed, but he offers no corroborative evidence as to this additional payment, and the deed itself recites a consideration of $158.50, which was then the amount of the debt with accumulated interest. After 1941 Lipscomb or Butrum sometimes paid the taxes and Gray sometimes paid them. Butrum continued to live on the land after Lipscomb died in 1949, but Gray made claim to possession, and this litigation ensued. The Chancellor's decree found the amount of the debt with accumulated interest, plus the taxes paid by Gray, to be $276.04, and ordered the 1941 deed cancelled on payment of that amount by Butrum.

Appellant Gray contends that the evidence was insufficient to sustain the Chancellor's conclusion that the

deed was in reality a mortgage only. We have carefully reviewed the evidence, as summarized above, and find that it was sufficient. The evidence clearly justified the Chancellor's finding that the 1941 deed was executed in compliance with the 1938 contract which clearly and definitely called for a deed to serve the functions of a mortgage. We have always held that it is permissible by extrinsic evidence of a clear, cogent and convincing character to show that a deed absolute on its face was actually intended to be a mortgage. *Scott* v. *Henry,* 13 Ark. 112; *Clark-McWlliams Coal Co.* v. *Ward,* 185 Ark. 237, 47 S. W. 2d 18; *Newport* v. *Chandler,* 206 Ark. 974, 178 S. W. 2d 240, 155 A. L. R. 1096. This appears to be such a case.

Appellant also asserts error in the Chancellor's refusal to admit as evidence the record and testimony in an earlier case between the same parties, involving the same subject matter, in which a voluntary nonsuit had been taken by the plaintiff Butrum. The testimony given in the previous trial was allowed for the purpose of showing prior contradictory statements of witnesses at the trial of the present case but was not admitted in bulk, as appellant contends that it should have been.

In the earlier proceeding, appellant had filed a cross-complaint asking that title to the land be quieted in him. This cross-complaint was of course not dismissed when Butrum took his voluntary nonsuit. Ark. Stats., § 27-1407. Appellant contends that, as to his cross-complaint, it was consolidated for trial with Butrum's new complaint, so that the present trial was as to it merely a continuation of the former trial and that evidence introduced at the former trial should have been admitted in the later one.

For one thing, the Chancellor declared that the two cases were not consolidated for trial, and this would seem to be decisive, despite an earlier remark, which he later said had been inadvertent, that they would be consolidated. Apart from that, the only evidence given at the first hearing was that offered by appellee on his complaint, none having been given on the cross-complaint

at the time the nonsuit was taken. Furthermore, the transcript of previous testimony was offered in evidence without proper authentication. Finally, having examined the transcript in question, we find nothing in it that would in any event justify a different result from that reached.

The decree is affirmed.